### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

| | |
|---|---|
| **KEITH W.R. LOWE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WEXFORD HEALTH SERVICES,** *et al.*, )<br>)<br>**Defendants.** ) | Civil Action No. 2:25-00042 |

### O R D E R

On January 23, 2025, Plaintiff, acting *pro se*, filed a Complaint for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ["ADA"], 42 U.S.C. § 12133, *et seq*. (Document No. 1). In his Complaint, Plaintiff names the following as Defendants: (1) Wexford Health Services; (2) Pam Givens, Medical Director; and (3) Greg Rodgers, Mental Health Director. (Id.) Plaintiff alleges that Defendants are failing to provide Plaintiff with proper medical and mental health treatment. (Id.) Plaintiff requests monetary damages and injunctive relief. (Id.)

By Order entered on January 27, 2025, the undersigned directed Plaintiff to "either pay the filing and administrative fee totaling $405 or file an Application to Proceed Without Prepayment of Fees and Costs by **February 27, 2025**." (Document No. 4.) The undersigned specifically notified Plaintiff that "[f]ailure of the Plaintiff to either pay the filing and administrative fee or file an Application to Proceed Without Prepayment of Fees and Costs by February 27, 2025, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Plaintiff, however, did not respond to the Court's Order. By Proposed Findings and Recommendation ("PF&R") entered on July 11, 2025, the undersigned

recommended that the above action "be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute." (Document No. 6.)

On July 23, 2025, Plaintiff filed his Objections to the PF&R. (Document No. 7.) Plaintiff requests that the Court excuse his tardiness and failure to meet the deadline for filing his Application to Proceed Without Prepayment of Fees and Costs. (Id.) Plaintiff explains that his "mental health deteriorated to the point that [he] swears [he] was no longer able to litigate or meet the deadline." (Id.) Plaintiff states that he was "out of touch with reality," "delusional, hallucinating, hearing voices," and completely "consumed and occupied with paranoia and thoughts of wanting to kill [himself]." (Id.) Plaintiff explains that he has now been "placed on a new medication and [he is] in a better place mentally." (Id.) As an Exhibit, Plaintiff filed his Declaration in support of the foregoing. (Document No. 7-1.) Plaintiff further filed his completed Application to Proceed Without Prepayment of Fees and Costs. (Document No. 8.)

Based upon a review of Plaintiff's Objections, the undersigned finds that Plaintiff has shown good cause for his failure to prosecute. Accordingly, the undersigned **ORDERS** that the PF&R (Document No. 6) filed on July 11, 2025 be **WITHDRAWN** and **STRICKEN** from the docket.

Finally, the undersigned will consider Plaintiff's letter-form Motion to Amend. (Document No. 9.) Plaintiff explains that he wishes to amend his Complaint to "dismiss [his] claims against Ms. Pam Givens, and all other claims." (Id.) Plaintiff states that he only wishes to proceed with a deliberate indifference and negligence claim against Mr. Greg Rodgers. (Id.) Plaintiff attaches a copy of his Proposed Amended Complaint and Exhibits in Support. (Document Nos. 9-1 – 9-17.)

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend her pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading

is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." Harless v. CSX Hotels, Inc., 389 F.3d 444, 447 (4th Cir. 2004). Finally, it is well recognized that where a *pro se* Complaint can be remedied by an amendment, the Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

No Defendant has been served in the instant case. Accordingly, it is hereby **ORDERED** that Plaintiff's above letter-form Motion to Amend (Document No. 9) is **GRANTED**. The Clerk is **ORDERED** to re-docket Plaintiff's Proposed Amended Complaint (Document No. 9-1) and Supporting Exhibits (Document Nos. 9-2 – 9-17) as Plaintiff's Amended Complaint and Exhibits.

The Clerk is directed to send a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: July 24, 2025.



Omar J. Aboulhosn
United States Magistrate Judge